Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC
317 East Spruce Street
P.O. Box 7051
Missoula, MT 59807-7051
406-721-1435
tim@bechtoldlaw.net

Attorney for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**BUTTE DIVISION**

| | |
|---|---|
| ANDREW YELLOWBEAR, JR.,<br><br>Plaintiff,<br>vs.<br><br>JIM SALMONSEN, TERRIE STEFALO, AND DOES 1-10,<br><br>Defendants. | Cause No. CV-21-59-BU-BMM<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff alleges as follows:

1. This is an action for deprivation of civil rights under color of law and other wrongful acts. Plaintiff Andrew Yellowbear, Jr. was brutally beaten and seriously injured by fellow inmates while he was incarcerated at Montana

State Prison on July 28, 2020, for which Defendants are liable under the Eighth Amendment by reason of their deliberate indifference to a known risk of serious harm, thereby causing Plaintiff Yellowbear to suffer serious and permanent injuries.

2. This Court has subject matter jurisdiction over the claims specified in this Complaint pursuant to 42 USC §1983, 28 USC §1331, 28 USC §1343, and 42 USC §1988.

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(e) and 1402(b) and LR 3.2.

4. Plaintiff Andrew Yellowbear, Jr. is an enrolled tribal member of the Northern Arapaho Tribe, a citizen of the State of Wyoming, and a Wyoming Department of Corrections inmate housed at the Montana State Prison in Deer Lodge, Montana.

5. At all relevant times, Defendant Jim Salmonsen was the Montana State Prison Warden. He is a citizen of the State of Montana and a resident of Silver Bow County, Montana.

6. At all relevant times, Defendant Terrie Stefalo was the Montana State Prison Religious Activities Coordinator. She is a citizen of the State of

Montana and a resident of Powell County, Montana.

7. Defendants Does 1-10 are individuals whose true identities and capacities are as yet unknown to Plaintiff and his counsel, despite diligent inquiry and investigation, and who acted herein as described more particularly below in connection with the breaches of duties and/or violations of law alleged herein and who in some manner or form not currently discovered or known to Plaintiff may have contributed to or be responsible for the injuries alleged herein. The true names and capacities of the Doe Defendants will be substituted as they become known.

8. At all relevant times, Defendants were acting under color of law and on behalf of the State of Montana.

9. On June 12, 2018, Andrew Yellowbear, Jr. was nominated and elected as the Low Side Pipe Carrier for Native American Religious practices at Montana State Prison.

10. Responsibilities of the Pipe Carrier include making weekly botanical requests and returning any unused botanicals to the Religious Activities Coordinator.

11. The Pipe Carrier is forbidden from providing communal botanicals to any

individuals for personal, non-religious use.

12. On June 18, 2020, another inmate, Chad Laforge, demanded that Yellowbear either provide him with the Pipe Carrier tobacco or resign as Pipe Carrier and threatened Yellowbear with violence if he did not resign.

13. Yellowbear told Laforge that he would not provide Laforge with the tobacco and would not resign as Pipe Carrier.

14. On July 21, 2020, after the Low Side Pipe Ceremony, inmates Bacon and Goodgun approached Yellowbear and told him that Laforge had sent them to order Yellowbear to resign as Pipe Carrier, and if Yellowbear refused, Laforge had directed Bacon and Goodgun to assault Yellowbear.

15. On July 24, 2020, Yellowbear informed Terrie Stefalo about the threats from Laforge, Bacon, and Goodgun.

16. Terrie Stefalo told Yellowbear that she prepared an incident report to submit to shift command, and that she was also informing B-Unit security about the threats.

17. On July 28, 2020, after the Pipe Ceremony, inmates Bacon, Shields, and Goodgun came to Yellowbear's block and attacked and brutally beat him.

18. Despite being notified about the threats, Defendants failed to protect

Yellowbear from the known risk that he would be attacked.

19. Despite the fact that Yellowbear was at obvious risk of serious bodily harm, Defendants failed to take reasonable action to protect Yellowbear despite having knowledge that he would be targeted for attack.

20. In the attack, Yellowbear suffered serious bodily injuries, including a concussion and injuries to his left shoulder.

21. Yellowbear continues to have lingering symptoms from the attack, including post-concussive syndrome and pain in his shoulder.

**Count 1**

**42 USC §1983**

22. Plaintiff hereby incorporates all prior paragraphs as though fully restated herein.

23. Yellowbear was incarcerated at Montana State Prison under conditions posing a substantial risk of serious harm. Yellowbear had a fundamental Fifth Amendment due process right and Eighth Amendment right – incorporated by the Fourteenth Amendment – to be protected from serious bodily harm while in the custody of the Montana State Prison.

24. At all relevant times, Defendants were deliberately indifferent to the rights

and safety of Yellowbear in failing to protect him from a known risk of violence when they had a duty to take corrective action.

25. This misconduct of Defendants in knowingly failing to protect Yellowbear where there was good reason to believe that he was in fear of being attacked constitutes deliberate indifference to a substantial risk of harm, in violation of the Eighth Amendment of the United States Constitution and other applicable law.

26. As a direct and proximate result of this deliberate indifference of Defendants, Yellowbear experienced severe physical, mental, and emotional pain and suffering that continues to this day and is expected to continue into the future, was forced to undergo medical treatment, and was deprived of his constitutional rights and human dignity, for which Yellowbear is entitled to recover compensatory damages from Defendants in an amount to be proven at trial and determined by the enlightened conscience of fair and impartial jurors.

27. Defendants are not entitled to qualified immunity because the law was clearly established in 2020 that it is an Eighth Amendment violation of a prison official to be deliberately indifferent to an inmate's known risk of

assault, or to otherwise fail to take reasonable action to protect an inmate from substantial risk of serious harm of which the official has actual knowledge, including but not limited to the danger of assault from other inmates.

28. Yellowbear has exhausted his administrative remedies under the Prison Litigation Reform Act prior to filing this lawsuit.

29. Yellowbear is entitled to recover attorney's fees from Defendants under 42 USC §1988.

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

1. For judgment in such amounts as shall be proven at the time of trial.
2. For an award of attorney's fees and costs as provided by any applicable provision of law.
3. For such other and further relief as the Court deems just and equitable.

DATED this 29th day of July, 2021.

/s/ Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.**

DATED this 29th day of July, 2021.

/s/ Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC