IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| ANDREW YELLOWBEAR JR., <br><br> Plaintiff, <br><br> vs. <br><br> JIM SALMONSEN, TERRIE STEFALO, ROXANNE WIGERT, JEFFREY CEASE, PAUL THOMPSON, RON McDONALD, AMBER GRAHAM, DJ GODFREY, SCOTT McNEIL, JEFFREY McNABB, and MONIQUE MILLER, <br><br> Defendants. | CV-22-02-H-BMM <br><br><br> ORDER |

Plaintiff Andrew Yellowbear, Jr. ("Yellowbear") sued Defendants, Montana State Prison employees, for violation of his civil rights under 42 U.S.C. § 1983. (Doc. 11.) Plaintiff, through counsel, stipulated to dismissal of the action with prejudice because the Parties had "settled all matters between them." (Doc. 16.) The Court accordingly dismissed the matter with prejudice and ordered that each

1

party would bear its own fees and costs pursuant the Parties' Stipulation to Dismiss. (Doc. 17); *see* (Doc. 16.) The Court did not order that the Parties participate in a settlement conference or attempt to settle the case.

Yellowbear moves for this Court to sanction Defendants' counsel under Federal Rules of Civil Procedure Rule 11. (Doc. 18.) Yellowbear alleges that Defendants' counsel used "false, fabricated, or otherwise tampered with evidence" during settlement negotiations. (*Id*.) Yellowbear specifically claims that the Montana State Prison Statement of Incident created by Defendant Paul Thompson dated July 28, 2020, ("Statement of Incident") "bares markings foreign to the document" and that Defendants' counsel "used" the Statement of Incident "in official pleadings filed with this Court" and in settlement negotiations. (*Id*. at 2.)

Rule 11(c) permits a party to move for sanctions based on alleged violations of Rule 11(b). Rule 11(b) applies to any "pleading, written motion, or other paper" which is presented to a court. The Court finds that Defendants did not present the Statement of Incident to the Court in any filing. Defendants appear to have referenced the contents of the Statement of Incident in Defendants' Preliminary Pretrial Statement (Doc. 8) that Defendants filed before Plaintiff's Amended Complaint (Doc. 11). *See* (Doc. 18-1.) The Court may root a Rule 11 sanction, if proper, in Defendants' counsel's representations as to Defendants' Preliminary Pretrial Statement (Doc. 8). The Court may consider Yellowbear's allegations in

2

his motion as to conduct in settlement negotiations pursuant the Court's inherent power to sanction bad faith conduct otherwise "beyond the reach of the Rules." *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 51 (1991).

The Court retains jurisdiction to order sanctions under Rule 11 in this matter notwithstanding that the matter has been dismissed with prejudice. "District courts may enforce Rule 11 even after the plaintiff has filed a notice of dismissal under [Federal Rule of Civil Procedure] 41(a)(1)." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990). The fact that Yellowbear dismissed the case by a stipulation of dismissal under Fed. R. Civ. P. 41(a)(1)(A)(ii) instead of a notice of dismissal under Rule 41(a)(1)(A)(i) does not destroy the Court's retained jurisdiction. *See Cambridge Prod., Ltd. v. Penn Nutrients, Inc.*, 131 F.R.D. 464, 467 (E.D. Pa. 1990) (allowing a motion for sanctions after voluntary dismissal pursuant Rule 41(a)(2)).

The Court declines to sanction Defendants' counsel in this case. Yellowbear, through counsel, raised the question of the potential falsification of the Statement of Incident *before* stipulating to the dismissal of the matter. (Doc. 18-2 at 3) (dated March 9, 2022); *see* (Doc. 16) (filed March 15, 2022); *see also* (Doc. 18-1 at 2) (Yellowbear's declaration that he asked his counsel to bring Yellowbear's concerns as to falsification of the document to the attention of Defendants' counsel). The fact that Yellowbear's doubts as to the validity of the Statement of

Incident predate his voluntary dismissal of his claims with prejudice belies Yellowbear's assertion that Defendants' counsel's use of the Statement of Incident in settlement negotiations "had an adverse effect on the ultimate outcome of [Yellowbear's] claims." Yellowbear possessed the power to avoid the outcome of his claims—*voluntary* dismissal—and could have exercised that power by choosing not to dismiss his claims. The Court will not impose sanctions on Defendants' counsel in this case because Yellowbear could have chosen to challenge the validity of the Statement of Incident in a motion filed with this Court or at trial and may have negotiated settlement terms in light of his challenge to the validity of the Statement of Incident. "[T]here is an overriding public interest in settling and quieting litigation" in the Ninth Circuit and imposing sanctions based on a challenge to the validity of a document referenced in settlement negotiations in a case that settled where the plaintiff questioned the validity of the document prior to settling would run afoul of that sound public policy. *Ahern v. Cent. Pac. Freight Lines*, 846 F.2d 47, 48 (9th Cir.1988).

    The Court does not make a finding as to whether the Statement of Incident was falsified or otherwise altered. Additionally, this order does not prohibit Yellowbear from seeking an alternate remedy related to his claims, such as through another procedural vehicle or perhaps in an action against his counsel.

    Accordingly,

**IT IS ORDERED** that:

Yellowbear's Motion for Sanctions Pursuant to Fed. R. Civ. P., Rule 11 (Doc. 18) is **DENIED**.

DATED this 8th day of January, 2024.

_____
Brian Morris, Chief District Judge
United States District Court