**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION**

| | |
|---|---|
| ANDREW YELLOWBEAR, JR., | |
| Plaintiff, | **CV-22-02-H-BMM** |
| v. | **ORDER** |
| JIM SALMONSEN; TERRIE STEFALO; ROXANNE WIGERT; JEFFREY CEASE; PAUL THOMPSON; RON McDONALD; AMBER GRAHAM; DJ GODFREY; SCOTT McNEIL; JEFFREY McNABB; and MONIQUE MILLER, | |
| Defendants. | |

## INTRODUCTION

Plaintiff Andrew Yellowbear Jr. ("Yellowbear") filed a motion for reconsideration on February 20, 2024. (Doc. 21.) Yellowbear seeks reconsideration of the Court's order denying his motion for relief from a final order pursuant to Fed.

R. Civ. P. 60. (Doc. 20); (*see also Yellowbear v. Salmonsen et al.*, Case No. 21-cv-59-BU-BMM (D. Mont. February 12, 2024) (Doc. 21.)

Fed. R. Civ. P 59 (e) provides that a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. Reconsideration represents "'an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quotation omitted). A motion for reconsideration should not be granted "unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). "Whether or not to grant reconsideration is committed to the sound discretion of the court.*" Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Yellowbear fails to identify newly discovered evidence or an intervening change in the controlling law. (*See* Doc. 21.) Yellowbear instead appears to contend that the Court erred by overlooking a dispute concerning the validity of Paul Thompson's incident report (the "Thompson report"), and that such error rises to the level of redress under Fed. R. Civ. P. 60(b)(3) or 60(b)(6). (*Id.* at 1-2.) Yellowbear's argument proves unsubstantiated.

The Court denied Yellowbear's motion for relief from a final order pursuant to Fed. R. Civ. P. 60 on the grounds that Yellowbear likely knew of concerns he had with the Thompson report, but still chose to enter into a settlement agreement with the Defendants on March 9, 2022. (Doc. 21 at 5.) The Court viewed Yellowbear as having actual or constructive knowledge of his issues with the Thompson report on or near that date based on his counsel's correspondence with Defendants' counsel, in which Thompson's counsel wrote, "[Yellowbear] thinks that . . . [Thompson]'s report, has been falsified. He specifically mentions the markings in the upper part of the page as being indicative of the falsification. He suggests that you should look at the original." (*Id.*) (citation omitted.) The Court determined that Yellowbear's actual or constructive knowledge of his concerns with the Thompson report at the time he entered the settlement agreement with the Defendants precluded Yellowbear from asserting that the settlement agreement was the product of fraud, misrepresentation, or misconduct. (*Id.* at 5-6.)

The Court further recognized that Yellowbear's claim was procedurally barred under either Fed. R. Civ. P. 60(b)(3) or 60(b)(6), as a claim of relief for alleged fraud must be asserted no more than one year after the entry of the judgment or order. (*Id.*) (citing Fed. R. Civ. P. 60(c)(1)). The Court dismissed this action pursuant the parties' joint motion on March 15, 2022. (*See* Doc. 17.) Yellowbear

filed his motion for relief pursuant to Rule 60 on January 26, 2024, or approximately 1 year and 10 months later. (*See* Doc. 17.)

Yellowbear appears to focus his argument on the alleged falsity of the Thompson report. (Doc. 21 at 2.) Yellowbear asserts that the Thompson report, allegedly created in violation of official Montana Department of Correction and Montana State Prison policy and procedure, is the cornerstone underlying the Court's orders. (*Id.*) Yellowbear is mistaken.

The Court dismissed this action on a joint motion from Yellowbear and the Defendants. (Doc. 16.) The Court did not dismiss this action based on the Thompson report. The Court rather dismissed this action after a negotiation between represented parties that resulted in Yellowbear receiving a monetary sum. (*See* Doc. 20 at 6) (citation omitted.) Yellowbear's grievances with the Thompson report and its creation do not disturb the Court's conclusion that Yellowbear had knowledge of the Thompson report, recognized and communicated his alleged issues with the Thompson report, and still entered into a settlement agreement with the Defendants. Yellowbear agreed to "fully and forever release and discharge [Defendants] from any and all actions, claims, causes of action, demands, or expenses for damages or injuries, whether asserted or unasserted, known or unknown, foreseen or unforeseen, arising out of the described occurrence." (Doc. 20 at 5-6) (citing Doc. 17-2 at 7.) The Court determines that Yellowbear's allegations fail to warrant the extraordinary

remedy of reconsideration. The Court further cautions Yellowbear that any future motions without new evidence or legal support will be construed unfavorably.

Accordingly, **IT IS ORDERED:**

Yellowbear's motion for reconsideration (Doc. 21) is **DENIED.**

**DATED** this 28th day of February, 2024.

_____
Brian Morris, Chief District Judge
United States District Court